UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff ) | |
| ) | |
| v. ) | No. 2:10 CR 168 |
| ) | (No. 2:14 CV 378) |
| DAVID HERNANDEZ-CERVANTES, ) | |
| Defendant ) | |

## OPINION AND ORDER

Before the court are three filings from defendant David Hernandez-Cervantes (hereinafter, "Defendant/Movant"): 1) "Motion of Sentence Relief Under the Federal Prison Bureau Non-Violent Offender Relief Act of 2003," (DE #62); 2) "Motion for Time Reduction by Inmate in Federal Custody Under 28 U.S.C. § 2255," (DE #65); and 3) a request for the court reporter to "prepare the entire transcript of proceedings in this matter for inclusion in the Record of Appeal." (DE #63.) Notably, there is no appeal pending.

As to the first item in the list above, requesting a sentence reduction based on the Federal Prison Bureau Non-Violent Offender Relief Act of 2003, that was the popular name for H.R. 3575 (108th Congress), which proposed to amend 18 U.S.C. § 3624 by adding a subsection (g), which Defendant/Movant quotes. The problem is that H.R. 3575 never became law, and Defendant/Movant is basing his request on a non-existent provision. That means it gives the court no authority to reduce his sentence.

In addition to that, and turning also to his second filing, based on 28 U.S.C. § 2255, Defendant/Movant's 70-month sentence, for possession of methamphetamine

with intent to distribute, was based upon his admission of guilt pursuant to a written plea agreement. In that agreement, at paragraph 7(d), he contracted:

> I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement; with this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal **or to contest my conviction and my sentence and any restitution order imposed or the manner in which my conviction or my sentence or the restitution order was determined or imposed, to any Court on any ground,** including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, **including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255**.

(DE #34, emphasis added.) Such waivers are generally enforceable, meaning that Defendant/Movant cannot pursue relief in the present § 2255 motion unless this waiver, or the plea agreement as a whole, was unintelligent or involuntary as the result of ineffective assistance of counsel. *Hurlow v. United States*, 726 F.3d 958, 964-65 (7th Cir. 2013).

Defendant/Movant makes no such argument.[*] Without going into all of the particulars (for example, he thinks the court erred by not giving him credit for accepting a final deportation order), Defendant/Movant asserts that his sentence should be reduced by 18 months because "the sentencing court failed to consider all **18 § 3553**

---

[*] It should be noted that after he entered the plea agreement, Defendant/Movant requested, and received, a new appointed counsel. Despite that, he never sought, through new counsel, to challenge the agreement or to withdraw his plea.

2

factors as required by the applicable law," citing *United States v. Rita*, 551 U.S. 338, 350 (2007). (DE #65 at 2.) As quoted above, he expressly waived his right to contest his sentence and the manner in which it was imposed on any such ground, and that waiver is valid. *Hurlow*, 726 F.3d at 964-65; *cf. United States v. Smith*, 759 F.3d 702, 707 (7th Cir. 2014) ("Smith may think that the court committed a mistake in classifying him as a career offender, but we have held that appeal waivers preclude appellate review even of errors that are plain in retrospect. [Citations omitted.] The point of an appeal waiver, after all, is to prospectively surrender one's right to appeal, no matter how obvious or compelling the basis for an appeal may later turn out to be.")

In short, Defendant/Movant waived his ability to make the present collateral attacks on his sentence. That means there is no reason to consider his request for transcripts, but even if there were, in the plea agreement he waived his right to obtain them as well:

> I also agree to waive all rights, whether asserted directly or through a representative, to, after sentencing, request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter; this waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974.

(DE #34 at ¶ 7(e).) The United States would, of course, have to pay for preparation of my transcripts (Defendant/Movant is requesting them at no cost to himself), meaning that he is requesting documents from the United States.

If it can be determined from the motion and the record of prior proceedings that a movant under 28 U.S.S. § 2255 is not entitled to relief, the motion should be denied

3

without requiring a response from the government and without a hearing. RULE 4(b), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. That is the case here. For the reasons stated, Defendant/Movant's: 1) "Motion of Sentence Relief Under the Federal Prison Bureau Non-Violent Offender Relief Act of 2003," (DE #62), 2) "Motion for Time Reduction by Inmate in Federal Custody Under 28 U.S.C. § 2255," (DE #65), and 3) request for transcripts (DE #63), are all summarily **DENIED**.

Further, the court **DENIES** the issuance of a certificate of appealability ("COA"). A COA should issue only if the movant has made a substantial showing of the denial of a constitutional right, that is, that reasonable jurists would find it debatable whether the district court correctly resolved the issues or would conclude that those issues are adequate to deserve further proceedings. 28 U.S.C. § 2255(d); 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003). The court believes that the explanation herein for the denial of Defendant/Movant's motions adequately explains why this standard has not been met.

The clerk shall **ENTER FINAL JUDGMENT** dismissing the parallel civil cause (2:14 CV 378) initiated by the § 2255 motion.

                                                         **SO ORDERED.**

Date: October 16, 2014

                                       s/James T. Moody  
                                      JUDGE JAMES T. MOODY  
                                      UNITED STATES DISTRICT COURT